**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MIRIAM BERENICE ROJAS
ALVARADO,

          Petitioner,

v.

WILLIAM P. BARR, Attorney General,

          Respondent.

No.   17-72012

Agency No. A203-010-803

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 19, 2020
Phoenix, Arizona

Before: TALLMAN, BYBEE, and BADE, Circuit Judges.

Petitioner Miriam Berenice Rojas Alvarado (Miriam), a native and citizen of

Mexico, petitions for review of the Board of Immigration Appeals' (BIA) decision

affirming the Immigration Judge's (IJ) denial of her application for cancellation of

removal under 8 U.S.C. § 1229b(a). Because the parties are familiar with the facts,

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

we will not recite them here. We lack jurisdiction to review the BIA's decision insofar as it affirms the denial of discretionary relief. 8 U.S.C. § 1252(a)(2)(B). We retain jurisdiction, however, to decide "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We deny the petition for review.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, this court reviews both decisions." *Vahora v. Holder*, 641 F.3d 1038, 1042 (9th Cir. 2011). We review adverse credibility determinations for substantial evidence. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We will uphold the Agency's credibility finding "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014) (quoting 8 U.S.C. § 1252(b)(4)(B)).

Substantial evidence supports the IJ's adverse credibility determination. Under the REAL ID Act, which applies here, "there is no presumption that an applicant for relief is credible, and the IJ is authorized to base an adverse credibility determination on 'the totality of the circumstances' and 'all relevant factors.'" *Ling Huang v. Holder*, 744 F.3d 1149, 1152–53 (9th Cir. 2014) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Such factors include "demeanor, candor, or responsiveness," as well as inconsistencies between the petitioner's oral statements and other evidence of record. 8 U.S.C. § 1158(b)(1)(B)(iii). "[I]n evaluating

2

inconsistencies, the relevant circumstances that an IJ should consider include the petitioner's explanation for a perceived inconsistency . . . and other record evidence that sheds light on whether there is in fact an inconsistency at all." *Shrestha*, 590 F.3d at 1044 (citation omitted).

Here, the IJ based his conclusion on a number of inconsistencies between Miriam's testimony at her individual hearing and other record evidence. Of note, Miriam testified that she did not know there was marijuana in her vehicle notwithstanding her earlier guilty plea that she "knew that hidden in the vehicle there was a quantity of marijuana." Far from ignoring the record evidence, then, the IJ reasonably concluded that the inconsistency between Miriam's guilty plea and her testimony undermined her credibility. The record thus does not compel a contrary conclusion with respect to the adverse credibility determination.

**PETITION DENIED.**